IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KAREN A. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-198 |
| | ) | |
| | ) | |
| MIDFIRST BANK, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP"), seeks injunctive relief preventing Defendant from foreclosing on her property through a foreclosure sale that occurred on December 6, 2016. Because Plaintiff's request for injunctive relief is moot, the Court recommends Plaintiff's complaint be **DISMISSED**, and this civil action be **CLOSED**.

I.     **BACKGROUND**

Taking all allegations of the complaint as true, as the Court must for purposes of this screening, the facts are as follows. Plaintiff is a resident of Georgia. Defendant is not a resident of Georgia, is not registered to do business in the state of Georgia, but regularly conducts business in Georgia. (Doc. no. 1, p. 2.) On December 5, 2016, Plaintiff filed a complaint seeking to enjoin Defendant from foreclosing on her property at 2211 Golden Camp Road, Augusta, GA 30906. (Id.) The foreclosure sale occurred on December 6, 2016. (Id.) Plaintiff alleges Defendant cannot foreclose on the property because it is an "improper

secured creditor," not a holder in due course, and "does not hold an enforceable equity security interest." (Id. at 2-3.) Plaintiff asks for a temporary and permanent injunction against foreclosure. (Id.)

## II. DISCUSSION

### A. Legal Standard for Screening

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Moreover, "[f]ailure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of

2

a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

### B. Federal Subject Matter Jurisdiction

Because a "federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).  Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings.  Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).  In order to invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182 (1936).

To have jurisdiction over a case, a district court must have at least one of the three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th

Cir. 1997). The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 114 S. Ct. 1673, 1675 (1994). For actions brought under 28 U.S.C. § 1332, the burden is on the party seeking federal jurisdiction to demonstrate that diversity exists by a preponderance of the evidence. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1340 (11th Cir. 2011). A Plaintiff must plead facts that support the existence of federal diversity jurisdiction. McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202, 1203 (M.D. Fla. 1991).

Furthermore, a federal court must also determine if a case presents a live controversy with which the court can give meaningful relief. Ethredge v. Hail, 996 F.2d 1173, 1175 (11th Cir. 1993). "An action that is moot cannot be characterized as an active case or controversy." De La Teja v. United States, 321 F.3d 1357, 1362 (11th Cir. 2003) (internal quotations omitted). As the Supreme Court has defined the mootness doctrine, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). If events occur subsequent to the filing of a lawsuit that deprive the Court of the ability to afford the plaintiff meaningful relief, the case becomes moot and must be dismissed. De La Teja, 321 F.3d at 1362.

Here, Plaintiff requests injunctive relief preventing Defendant from foreclosing on her property through a foreclosure sale that allegedly occurred on December 6, 2016. Accordingly, this Court lacks subject-matter jurisdiction over the complaint because Plaintiff's request for injunctive relief is mooted by the foreclosure sale. Because this Court

cannot afford Plaintiff the relief she seeks, the case is moot and must be dismissed.  See De La Teja, 321 F.3d at 1362; Muhammad v. HSBC Bank USA, N.A., 399 F. App'x 460, 461 (11th Cir. 2010) (finding district court lacked subject matter jurisdiction because plaintiff's request for injunctive relief was moot after foreclosure sale).

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED**, and this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of March, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA