IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

KAREN A. SMITH,                *
                               *
    Plaintiff,                 *
                               *
        v.                     *     CV 116-198
                               *
MIDFIRST BANK,                 *
                               *
    Defendant.                 *

O R D E R

Plaintiff filed this action to stop Defendant from foreclosing on her property. Plaintiff's claim was dismissed as moot, however, because the property had already been sold. (Doc. 8.) Plaintiff's subsequent motion for relief from judgment failed to allege appropriate grounds under Federal Rule of Civil Procedure 60(b) and was denied on November 3, 2017. (Doc. 11.) Now before the Court is Plaintiff's Amended Motion for Relief from Judgment. (Doc. 13.) Plaintiff's motion is **DENIED** for the following reasons.

As stated in the Court's previous Order, Federal Rule of Civil Procedure 60(b) is an extraordinary remedy. Relief is only appropriate where the moving party shows: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) that the judgment is void; (5) that the judgment has been satisfied; or

(6) any other reason that justifies relief. FED. R. CIV. P. 60(b). Further, a motion for relief is not a vehicle to present new legal theories that could have been argued in the prior motion. Jones v. Southern Pan Servs., 450 F. App'x 860, 863 (11th Cir. 2012); McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222-23 (S.D. Ga. 1997) ("The motion for reconsideration is not an opportunity for a party to improve upon his arguments or try out new arguments."). Most of Plaintiff's argument is identical to her previous motion for relief. The only new allegations are that Defendant violated Plaintiff's Fifth and Fourteenth Amendment rights, and breached a fiduciary duty. Plaintiff's motion is an attempt to argue matters that could have been raised in her complaint. Moreover, Plaintiff fails to address the mootness issue, which the Court has repeatedly held bars her claim for injunctive relief. Accordingly, Plaintiff has failed to establish that she is entitled to relief under Rule 60(b).

Therefore, upon due consideration, Plaintiff's motion (doc. 13) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of March, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA